## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA *

    v.                      *

**OMID ILKHAN**            *     **Criminal No. 13-PO-07233**

                            *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## DEFENDANT'S MOTION TO SUPPRESS AND INCORPORATED MEMORANDUM OF LAW

The Defendant, Omid Ilkhan, through his attorneys, Paula Xinis, Milin Chun, and Murphy, Falcon, and Murphy, pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure, moves for the order of the Honorable Court suppressing any and all evidence seized pursuant to the telephonic warrant authorizing blood to be drawn from Mr. Ilkhan.

In support of this Motion, Mr. Ilkhan submits the following incorporated a Memorandum of Points and Authorities.

### FACTUAL BACKGROUND

The government alleges that on June 9, 2013, Mr. Ilkhan was stopped by United States Park Police officers for alleged suspected driver error. At 0438 hours, Sergeant Woods, who was **not on the scene,** initiated a telephone call to United States Magistrate Judge William G. Connelly seeking a telephonic warrant to obtain a sample of blood from Mr. Ilkhan for chemical analysis to obtain evidence that Mr. Ilkhan had been operating his motorvehicle while under the influence of alcohol. After a three minute, twenty-five second phone call, Magistrate Judge Connelly approved the warrant. The transcript of the above-referenced telephonic warrant application is attached for this Court's review at **Exhibit A.**

[1]

As a result, Mr. Ilkhan's blood was drawn some time later at the hospital. Tests results of the same reflect a purported blood alcohol level of .13. Mr. Ilkhan was subsequently charged with driving while intoxicated and driving under the influence, as well as other four other traffic citations. *See* Docs. 1, 3-7. Because the warrant compelling Mr. Ilkhan's blood to be drawn had been issued absent probable cause to believe any such evidence of a crime would be found in Mr. Ilkhan's blood, the results flowing therefrom must be suppressed.

## ARGUMENT

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures" by the government or its agents. U.S. CONST. AMEND. IV; *see also United States v. Jacobsen*, 466 U.S. 109, 113 (1984). It provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. AMEND. IV. Probable cause means "a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

That principle certainly applies where, as here, medical personnel must intrude beneath Mr. Ilkhan's skin and into his veins to obtain a sample of his blood to analyze for potential evidence of alcohol consumption. *See Missouri v. McNeely,* 133 S.Ct 4250 (2013) (holding blood test to search for evidence of alcohol related to suspected charge of driving while intoxicated is a search requiring a warrant in the ordinary course). Such an invasion of bodily integrity implicates an individual's "most personal and deep-rooted expectations of privacy." *Winston v. Lee,* 470 U.S. 753, 760, 105 S.Ct. 1611, 84 L.Ed.2d 662 (1985); *see also Skinner v. Railway Labor Executives' Assn.,* 489 U.S. 602, 616, 109 S.Ct. 1402, 103 L.Ed.2d 639 (1989).

[2]

The Constitution commands that a neutral and detached jurist determine that probable cause exists for a search warrant of this kind to issue. Accordingly, this Court must determine whether the evidence presented to Magistrate Judge constitutes probable cause supporting the issuance of the search warrant. *See Massachusetts v. Upton*, 466 U.S. 727, 728 (1984). As the Supreme Court succinctly noted in *Nathanson v. United States*:

> Under the Fourth Amendment, an officer may not properly issue a warrant to search ... unless he can find probable cause therefor from facts or circumstances presented to him under oath or affirmation. **Mere affirmance of belief or suspicion is not enough.**

290 U.S. 41, 47 (1933) (emphasis added).

Importantly, where the affidavit supporting the warrant lacks in such probable cause, this Court must suppress all additional evidence seized from the warrant's execution. *See Illinois v. Gates*, 462 U.S. 213, 239 (1983); *United States v. Doyle*, 650 F.3d 460, 470 (4th Cir. 2011) (holding error where the district court denied defendant's motion to suppress and that the good faith exception did not apply because the affidavit offered in support of the warrant lacked the necessary information from which the issuing magistrate could glean probable cause to support a search).

Despite these clear commands, the search warrant had issued to draw Mr. Ilkhan's blood absent probable cause. As an initial matter, the only suspected offense for which a blood draw and analysis would be necessary is driving under the influence of alcohol or driving while intoxicated, in violation of 36 C.F.R. § 4.23. Mere driver error, standing alone, without any circumstantial evidence of the defendant having previously consumed alcohol, does not constitute probable cause to believe a suspect drove while intoxicated or under the influence of alcohol. To find otherwise would permit law enforcement officers to obtain a warrant for blood draws and associated blood "searches" any time an individual commits an infraction involving driver error.

[3]

Reviewing the transcript of the telephonic application for the warrant in Mr. Ilkhan's case, the Magistrate Judge had been provided no evidence of Mr. Ilkhan's suspected *intoxication*. Rather, Sergeant Wood – who was not at the scene and thus had not personally observed Mr. Ilkhan or his driving – told the Magistrate Judge that Ilkhan had not completed field sobriety tests, and had refused to submit to breath or blood testing. *Id.*

The Magistrate Judge then asked Sgt. Wood directly if there was "any odor of alcoholic beverage," underscoring that no independent evidence had yet to be conveyed to the Magistrate Judge that any alcohol whatsoever had been involved in this traffic stop. Sergeant Wood's response indeed confirmed that *no evidence* existed that the stop involved alcohol. Sergeant Wood responded: "[t]he **officers umm did not specify**" whether any alcohol had been detected, but the officers "did complete field sobriety and I'm **led to believe** that it's because of an odor of alcohol." **Exhibit A** at 3. (emphasis added).

Because the Supreme Court has made clear that **"affirmance of belief or suspicion is not enough,"** the Magistrate Judge here erred in issuing there warrant for the blood draw. *Nathanson*, 290 U.S. at 47 (emphasis added). Without independent evidence presented to the Court that an officer in *fact* detected an odor of alcohol from Mr. Ilkhan -- or had any other evidence that alcohol was involved – the magistrate judge issued the warrant absent probable cause to believe an *alcohol related* driving offense had been commited. *See United States v. Atwell*, 470 F. Supp. 2d 554, 576 n31 (D. Md. 2007) (citing *State v. Brown*, 725 So.2d 441 (Fla.Dist.Ct.App.1999) (noting that "[t]he odor of alcohol on a driver's breath is a critical (if not the only) factor in many cases involving admissibility of a blood test under the statute.... Indeed, the *absence* of the odor of alcohol is critical in suppression cases.") (citations omitted, emphasis in original).

Put differently, any evidence of driver error, unless linked contemporaneously and in some way to evidence supporting *alcohol* consumption, cannot constitute probable cause supporting a search for evidence of *alcohol* in a suspect's blood. Because Sergeant Wood's assumption that there "must have been" odor of alcohol does not constitute *evidence*, and because the application is otherwise bereft of any other evidence of alcohol consumption of any kind (e.g. bloodshot eyes, slurred speech), the warrant application wholly lacks in probable cause to believe that Mr Ilkhan was driving while intoxicated or under the influence of alcohol. This Court must therefore suppress all evidence obtained as a result of this warrant having been improperly and unconstitutionally issued.

## CONCLUSION

For these reasons stated above, Mr. Ilkhan respectfully requests that this Honorable Court grant his Motion to Suppress.

## REQUEST FOR A HEARING

Pursuant to Rule 105.6 of the Local Rules of the United States District Court for the District of Maryland, a hearing is requested on the Defendant's Motion.

/s/ *Paula Xinis*
Paula Xinis
Milin Chun
Murphy, Falcon & Murphy
One South Street, 23rd Floor
Baltimore, Maryland 21202
(410) 539-6500

*Attorneys for Mr. Ilkhan*

[5]

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of October, 2013, a copy of the foregoing Motion to Suppress and accompanying Memorandum of Law was filed via the CM/ECF system with notice and access to all interested parties.

Respectfully submitted,

/s/ *Paula Xinis*
Paula Xinis